CRAMER (CLARKE v.). See Case No. 2,818.

---

## Case No. 3,347.

CRAMMER et al. v. The FAIR AMERICAN.

[1 Pet. Adm. 242.] [1]

District Court, D. Pennsylvania. 1806.

SEAMEN—EMBEZZLEMENT—FORFEITURE OF WAGES —CONTRIBUTION.

Although part of the embezzlement is fixed on, and paid by, some of the crew, yet all are to contribute to the residue. Master and officers join in this contribution. Sailor absent, not excused.

[Cited in Spurr v. Pearson, Case No. 13,268; Conner v. Levering, Id. 3,114; Edwards v. Sherman, Id. 4,298.]

[In admiralty. Libel by Jonathan Crammer et al. against the ship Fair American, Haga, owner, Fraily, master, for wages.]

[1] [Reported by Richard Peters, Jr., Esq.]

Embezzlement was charged on five of the libellants, to repel their claim for wages. A quantity of coffee, four thousand weight was alleged to have been embezzled. It appeared by certificates, admitted by consent, from sundry merchants trading to Amsterdam, where the fact charged was said to have been perpetrated, that the difference between the weight of coffee in America and its produce at the Dutch scales varies between eighteen and twenty-two per cent, though in some cases it has exceeded the latter. The loss was estimated on a difference between twenty-two and twenty-six per cent, on what the whole of the coffee in question should have weighed, occasioning a loss of four thousand weight to the owner. Testimony was produced, which shewed only four hundred pounds to have been actually taken by five delinquents, though suspicion reached much further. No decision was had on the facts, but an intimation was given by the court, that no opinion could be grounded on mere suspicion; and a decree could only extend to the quantity actually proved, either by positive testimony or circumstances, to have been taken.

THE COURT, on a compromise between the parties, ruled, on application for its opinion,

1. That although an embezzlement of part of the goods lost, be fixed on some of the crew, who must pay separately to the amount proved, yet they or the surplus of wages, if forfeited or in the hands of the owner, remain further answerable, in a general contribution, for the balance.[2]

2. That the whole must contribute, according to their respective wages, the captain and officers of the ship included.

3. Nor is any one to be excused from this general contribution, though absent from the ship, and not in a situation to be capable of assisting in the plunder. This point occurred in the case of one of the seamen, entitled to his wages, who was confined in prison, during the period when the transaction happened.—The innocence of an individual is not the question; it turns on the joint obligation of all, to make retribution; it is part of the conditions, upon which they engage in their occupation.

[2] It has been held, and in some extensive embezzlements, I have so decided, that the actual perpetrator forfeits all right to wages. In most instances, a contribution to the amount, would absorb all the claim to wages. But in petty plunder of esculents, liquor, &c., I have not deemed it right to inflict so rigorous a forfeiture; yet I confess the point of toleration, or punishment, is difficult to ascertain. If the wages of those who actually commit an embezzlement be forfeited, they should be considered, in the hands of the owner, as part payment towards the contribution of the innocent members of the crew, where farther embezzlement than that fixed on individuals, has been committed. On this consideration, the opinion was given, according to the fact, respecting a further contribution by the guilty mariners.